435 P.2d 294

Duane P. **RUSSELL** and Verlene **Russell,**
his wife, and John Dale **Russell,**
Plaintiffs and Appellants,

v.

**HOOPER IRRIGATION COMPANY,** a corporation et al., Defendants and Respondents.

No. 10929.

Supreme Court of Utah.

Dec. 20, 1967.

E. J. Skeen, Salt Lake City, for appellants.

Glen E. Fuller, Salt Lake City, for respondents.

HENRIOD, Justice:

Appeal from a summary judgment of no cause of action in an action for trespass. Reversed, with costs to the Russells.

Russells were the third property owners down a road having easements in a lateral irrigation ditch, the water for which it was used furnished by Hooper. A condemnation action was decided upon by the latter to widen, extend and improve the channel. On December 7, 1959, a contractor was employed by Hooper. Over the objection of the Russells, accompanied by opprobrious epithets and a little unflattering use of the king's English, the contractor's operator bulldozed, not only the ire of Russells, but the ditch and easement themselves, by filling in the latter and inflaming the former. Concededly there was at least a technical trespass. On January 15, 1960, Hooper started a condemnation action, which statutorily it could do and obtained an order of occupancy, one day after the instant case was initiated by Russells. That suit was terminated first and Russells were awarded the munificent sum of $260 for damage to the Russell easement. Hooper suggests this was too much, and Russells not only ignore the verdict, but are appalled by it, and say that, anyway you cannot immerse damages in a statutory condemnation action's waters, alleged in an independent, pending tort action, existing or not existing as the result of an admitted tort committed six weeks before Hooper's right of entry. Russells also joined in the present suit the operator of the bulldozer. Hooper, in oral argument, said the contractor employing the operator simply was an agent of Hooper. This we do not know from the record in this case, but we can guess a little that such contractor was an independent one. Here lies a genuine issue as to a material fact, so far as *this* case is concerned. Another such issue is that of punitive damages claimed by Russells, something they could not claim in the condemnation suit.

No answer was filed in this case, which was decided on summary judgment on the pleadings and antithetical affidavits. Also there is a conflict in the matter of damage to headgates owned by Russells. Hooper says we replaced them with better ones,—but who knows, and why should its conclusion be accepted, since Russells may have had a grandfather's-clockwise-sort-of-attachment,—or might even have shown they could have been used elsewhere to advantage but for the conceded trespass and claimed damage.

The trial court, at a pretrial convention volunteered, after reading the record, including the pleadings and affidavits, motions, etc., that "You've got a prior period here where there *may be a trespass.*[1] If there is, there may be damage and may not be. *We'll have to listen to testimony and set it for trial.*" This sounds like a genuine pronouncement by the court that there was a genuine issue as to material facts. (Emphasis ours.)

Whether we look at the record in a light more favorable to anybody, the test is whether there was such an issue, and we are constrained to, and hold that in this particular case there was such an issue of fact for presentation to an arbiter of the facts.

This whole matter appears to be one of neighborly dispute and possible vindication of hurt feelings, but there being an issue of fact as to damages, triable somewhere else than on summary judgment, there is a question of determining whether there is a right in the first instance, and whether there is a remedy, whether it be for six cents or something else, determinable by a court or jury.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

1. There is no question about may or may not have been a trespass, since the bulldozer's operator invaded at least Russells' easement at a time when he had no right to do so.